Karen CROWLEY, Appellant,

v.

STATE of Alaska, DEPARTMENT OF HEALTH & SOCIAL SERVICES, Office of Children's Services, Appellee.

No. S–13699.

Supreme Court of Alaska.

July 1, 2011.

---

Karen Crowley, pro se, Anchorage, Appellant.

Joan M. Wilkerson, Assistant Attorney General, and Daniel S. Sullivan, Attorney General, Juneau, for Appellee.

Before: CARPENETI, Chief Justice, FABE, WINFREE, CHRISTEN, and STOWERS, Justices.

## OPINION

CARPENETI, Chief Justice.

## I. INTRODUCTION

A terminated employee appeals the superior court's Rule 41(b) dismissal of her contract claims against her former employer. Because the employee showed neither an objective nor a subjective breach of the implied covenant of good faith and fair dealing, we affirm.

## II. FACTS AND PROCEEDINGS

### A. Facts

In November 2000, the Office of Children's Services (OCS) hired Karen Crowley as a non-permanent social worker. OCS appointed her to a full-time social worker position in June 2001, and gave her permanent status in December 2001 after a six-month probation.

Toward the end of Crowley's probationary period, Crowley's supervisor, Deborah Allen, began receiving complaints about Crowley's job performance. In June 2002, Allen placed her concerns about Crowley in a letter to OCS Manager James Steele. Her letter cited "grave concerns about [Crowley's] judgment," as well as concerns about her "ethical behavior." She wrote that Crowley had lied on multiple occasions, in situations ranging from work equipment usage to case management. Allen stated that she had substantiation from other supervisors and staff managers to support her claims.

In August 2002, after receiving a complaint from a foster parent about Crowley, OCS Staff Manager Ed Sheridan began investigating Crowley's job performance. He issued his report in December 2002. The report investigated seven specific allegations against Crowley, including (1) telling an intake worker that there were no child protection issues of concern in the "B.R." case, even though the child's father had an extensive criminal background and there was a restraining order against the father; (2) misrepresenting "critical facts" during a review of the "R.C." case, including providing inconsistent statements about R.C.'s behavioral problems and failing to meet contact standards; (3) authorizing an extended visitation between a mother and two children without permission from Crowley's supervisor, Deborah Allen; (4) failing to follow OCS policies and procedures after Crowley received a report of a "physical altercation" between a parent and child, including not investigating the incident; (5) misrepresenting Crowley's qualifications on her employment application; (6) leaving a supervised visit early and asking the foster parent to supervise the rest of the visitation, as well as asking the foster parent to transport the child's mother to an appointment following a previous visit; and (7) providing inaccurate and incomplete information to union representatives during a personnel investigation.

Sheridan looked into at least 12 of Crowley's cases for the investigation. Relying on a combination of written evidence and interviews with OCS staff, social workers, and foster parents, Sheridan found evidence supporting all seven allegations. The report also described numerous lesser examples of incompetence, such as failure to follow proper procedures in at least seven cases in the previous year, and keeping "incomplete and unacceptable notes." Sheridan concluded that "[t]he evidence supports poor judgment, ineffective and misleading communications, incompetence and insubordination on the part of Ms. Crowley." He concluded that "Ms. Crowley is incompetent in her position as a Social Worker. To continue her employment with the Division of Family and Youth Services would place Alaska's children at risk and compromise the Division's mission."

On December 20, 2002, Acting Director Tom Cherian terminated Crowley from her employment.

### B. Proceedings

Crowley filed an employment suit against OCS in December 2004, alleging breach of the implied covenant of good faith and fair dealing, wrongful retaliation, and discrimination based on age and race. In August 2006, the superior court granted summary judgment to OCS on all counts. Crowley appealed the judgment to this court in January 2007. We sustained the superior court's grant of summary judgment on the discrimination claims, but reversed and remanded Crowley's claim that the State had breached the implied covenant of good faith and fair dealing.[1] We also remanded the retaliation claim, which we recognized as "a species of a good faith and fair dealing claim." [2]

The remaining issues were tried before Superior Court Judge William F. Morse in October 2009. Crowley was the sole witness testifying on her own behalf. During her testimony, Crowley disputed each of the major findings in Sheridan's investigative report. At the close of Crowley's case-in-chief, OCS moved for involuntary dismissal of the action under Alaska Rule of Civil Procedure 41(b).[3] The State argued that there were two ways to violate the implied covenant of good faith and fair dealing—either subjectively or objectively—and Crowley had provided insufficient testimony to support either. The superior court granted the motion, finding that Crowley had not proven by a preponderance of the evidence that OCS had violated the implied covenant by terminating Crowley's employment. On December 4, 2009, the superior court entered final judgment in favor of OCS.

Crowley appeals. Though represented by counsel in the trial court, she has appeared pro se before this court.

### III. STANDARD OF REVIEW

■■■ We review Civil Rule 41(b) decisions for abuse of discretion.[4] Whether an employer's action breached the covenant of good faith and fair dealing is a question for the trier of fact.[5] We review the trial court's factual findings for clear error, and will reverse only if we have "a definite and firm conviction on the entire record that a mistake has been made, although there may be evidence to support the finding." [6]

### IV. DISCUSSION

#### A. The Superior Court Did Not Err As A Matter Of Procedure In Granting The Involuntary Dismissal.

Crowley first challenges the superior court's dismissal on procedural grounds. She argues under *Rogge v. Weaver* [7] that (1) a trial judge may not grant a Rule 41(b) motion if the plaintiff has made out a prima

---

**1.** *See Crowley v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, Mem. Op. & J. No. 1323, 2008 WL 5352309, at *6 (Alaska, Dec. 24, 2008).

**2.** *Id.* at *4, *6.

**3.** Rule 41(b) provides:
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of the plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event that a motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then weigh the evidence, evaluate the credibility of witnesses and render judgment against the plaintiff even if the plain-tiff has made out a prima facie case. Alternately, the court may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

**4.** *Fletcher v. Trademark Constr., Inc.*, 80 P.3d 725, 729 (Alaska 2003) (citing *Farmer v. State*, 788 P.2d 43, 50 (Alaska 1990)).

**5.** *Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220, 1223 (Alaska 1992).

**6.** *Fletcher*, 80 P.3d at 729 (quoting *Crittell v. Bingo*, 36 P.3d 634, 638 (Alaska 2001)) (internal quotation marks omitted).

**7.** 368 P.2d 810 (Alaska 1962).

facie case, and (2) she made a prima facie case that OCS breached the implied covenant of good faith and fair dealing. We disagree and find no error.

First, *Rogge* was decided before our adoption of the current wording of Rule 41(b). Following a rule change in 1987,[8] Rule 41(b) now provides that "[t]he court as trier of the facts may ... weigh the evidence, evaluate the credibility of witnesses and render judgment against the plaintiff *even if* the plaintiff has made out a prima facie case."[9]

In this instance, Crowley's argument fails for a more fundamental reason: She did not make out a prima facie case on her claim. The superior court found that Crowley provided insufficient evidence to prove that OCS breached the implied covenant of good faith and fair dealing. As discussed below, we agree.

## B. The Superior Court Did Not Err In Finding That Crowley Did Not Prove A Subjective Breach Of The Implied Covenant.

Every employment contract in Alaska is subject to the implied covenant of good faith and fair dealing.[10] While lacking a precise definition, the covenant "generally requires employers to treat like employees alike and act in a manner that a reasonable person would regard as fair."[11] The covenant has two components, a subjective component and an objective component.[12] If an employer breaches either component, the employer breaches the implied covenant.[13]

The subjective component focuses on the employer's motives.[14] When alleging the employer subjectively breached the implied covenant of good faith and fair dealing, an employee must prove that the employer's termination decision was "actually ... motivated by an improper or impermissible objective"—that the decision "was actually made in bad faith."[15] This includes, for example, "discharg[ing] an employee for the purpose of depriving him or her of one of the benefits of the [employment] contract."[16] The employee's own speculation is insufficient to show a breach; the subjective element focuses on the employer's true motives and not on the employee's personal feelings of unfairness.[17] Even if the employee proves that the employer was mistaken, we will not find a subjective breach as long as the employer made its determination in good faith.[18]

Before the superior court, Crowley alleged that Ed Sheridan conducted his investigation in bad faith, and that Crowley's supervisor, Deborah Allen, treated Crowley in a bad-faith manner prior to the investigation. We take each allegation in turn.

### 1. Crowley did not prove that Ed Sheridan conducted his investigation in bad faith.

OCS fired Crowley largely on the basis of Sheridan's investigative report. In

---

8. Alaska Supreme Court Order No. 798 (Jan. 14, 1987).

9. (Emphasis added.) While we acknowledge the rule change, we note that, where a plaintiff has made out a prima facie case, an involuntary dismissal should be entered only with great caution.

10. *See Smith v. Anchorage Sch. Dist.*, 240 P.3d 834, 844 (Alaska 2010) (citing *Mitchell v. Teck Cominco Alaska, Inc.*, 193 P.3d 751, 760 (Alaska 2008)).

11. *Mitchell*, 193 P.3d at 760–61.

12. *Id.* at 761.

13. *Cf. Pitka v. Interior Reg'l Hous. Auth.*, 54 P.3d 785, 789 (Alaska 2002) ("Breach of the implied covenant may be either subjective or objective.")

(citing *Era Aviation, Inc. v. Seekins*, 973 P.2d 1137, 1139 (Alaska 1999)).

14. *Id.* (citing *Era Aviation*, 973 P.2d at 1141).

15. *Era Aviation*, 973 P.2d at 1141.

16. *Id.* (quoting *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997)). Firing an employee to prevent him from getting his contractual share of future profits would be an example. *See Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220, 1224 (Alaska 1992) (citing *Mitford v. de Lasala*, 666 P.2d 1000, 1007 (Alaska 1983)).

17. *Era Aviation*, 973 P.2d at 1141 (citing *Ramsey*, 936 P.2d at 133).

18. *Peterson v. State, Dep't of Natural Res.*, 236 P.3d 355, 369 (Alaska 2010) (citing *Holland v.*

the superior court, Crowley argued that Sheridan conducted his investigation in bad faith. She alleged that Sheridan may have intentionally found against her on all counts in order to lay a foundation for removing her. The superior court disagreed. Nothing in Crowley's testimony suggested that Sheridan conducted his investigation in bad faith. Furthermore, although the report was unfavorable to Crowley in finding support for the allegations against her, the superior court found this insufficient to conclude that the report was done in bad faith. The report gave no indication that Sheridan was biased against Crowley, or that he conducted the investigation in a "structurally improper" fashion.

On appeal, Crowley claims that the superior court clearly erred in its findings. First, Crowley argues that Sheridan's report was based on interviews with co-workers who lacked firsthand knowledge. She cites to *Willard v. Khotol Services Corp.*[19] for the proposition that relying on information from secondhand sources gives rise to issues of material fact.[20] OCS counters, and we agree, that Crowley's claim is directly contradicted by the record. To reach his conclusions, Sheridan interviewed many sources from both within and outside of OCS, such as foster parents and other social workers. Many had firsthand knowledge from working with Crowley directly, leaving Crowley with no basis for her claim.

Second, Crowley claims that the allegations Sheridan investigated were not true. She implies that if the allegations were false, Sheridan's substantiation of the allegations constituted bad faith. OCS contends that the actual truth of the allegations is immaterial to a finding of whether or not Sheridan acted in bad faith. Citing to *Peterson v. State, Department of Natural Resources,*[21]

the State argues that Sheridan made a good-faith determination that Crowley should be fired, while Acting Director Cherian relied in good faith on Sheridan's findings. As both parties acted in good faith, there was no breach of the implied covenant.

 We find OCS's argument persuasive. An employer may reject the employee's version of events in favor of the accounts of other witnesses.[22] Even if a factual finding in an investigation is later found to be inaccurate, this does not constitute bad faith as long as the employer had substantial reason to believe that misconduct occurred.[23] Sheridan's investigation yielded overwhelming evidence that Crowley had exhibited poor work performance and that she had violated OCS procedures. From this, Sheridan could have reasonably determined that Crowley should be fired, and OCS's good-faith reliance on this report did not breach the implied covenant.[24]

### 2. Crowley did not prove that Deborah Allen treated her in a bad-faith manner.

 Before the superior court, Crowley argued that Allen, her immediate supervisor, micromanaged her work. Due to Allen's management style Crowley requested a new supervisor, and Allen became outwardly upset. Crowley testified that Allen developed a nose bleed and said that Crowley "will be sorry." She claimed that both Allen's micromanaging and her negative reaction to Crowley's transfer request constituted "animus," and that this animus subjectively breached the implied covenant. The superior court found no evidence that Allen had acted in bad faith, as Crowley had given only her word in support of her claims.

---

Union Oil Co. of Cal., Inc., 993 P.2d 1026, 1035 (Alaska 1999)).

19. 171 P.3d 108 (Alaska 2007).

20. *Id.* at 116.

21. 236 P.3d 355.

22. *See id.* at 369; *Holland,* 993 P.2d at 1035.

23. *Peterson,* 236 P.3d at 369.

24. *See id.* We note, as well, that Crowley's brief does little to call the results of the investigation into question. She alleges four facts in support of her claim that Sheridan's findings were false, but two of these cite to exhibits that were not in the superior court record. Under Alaska Rule of Appellate Procedure 210(a), "[m]aterials never presented to the trial court may not be added to the record on appeal." As to the other two, one was not raised below, and both are insufficiently briefed.

It is unclear from Crowley's briefing whether Crowley has appealed the superior court's conclusion regarding Allen's possible animus. To the extent that she has, we do not find that the superior court clearly erred. Crowley's subjective impressions do not prove a subjective breach of the covenant of good faith and fair dealing, and before the superior court Crowley offered only speculation that Allen acted in bad faith.[25] In addition, Allen's behavior toward Crowley before the investigation is largely tangential to Crowley's termination itself. A subjective breach focuses on the employer's motive for firing, and Allen did not fire Crowley, even if she played a tangential role in the events leading up to the firing.

Overall, the superior court did not clearly err in its findings of fact, and Crowley did not prove a subjective breach of the implied covenant of good faith and fair dealing.

## C. The Superior Court Did Not Err In Finding That Crowley Did Not Prove An Objective Breach Of The Implied Covenant.

■■■■■■ The objective component of the implied covenant focuses on the employer's conduct. It "prohibits the employer from dealing with the employee in a manner that a reasonable person would regard as unfair."[26] Under the objective component, employers must treat like employees alike, and cannot terminate an employee on unconstitutional grounds or for reasons violating public policy.[27] A pattern of harassing conduct may breach the implied covenant, as constituting disparate treatment.[28] In addition, an em-ployee may not be terminated in express violation of the employee's contract terms.[29]

In the trial court, Crowley alleged only one specific violation of the objective component—that Deborah Allen was present in the interviewing room when Sheridan conducted his interviews during the investigation of Crowley's work performance, thereby "taint[ing] the entire investigation." But Crowley failed to establish that Allen was in fact present at any interview other than Crowley's interview, at which Crowley's union representative was also present. Before the superior court the State argued that "[t]here is no evidence in the record that Ms. Allen was present when any [of] these other people were interviewed, and any suggestion that that happened is . . . completely unsubstantiated and entirely speculative." Because Crowley has not pointed to anything in the record, other than her mere allegation, to show that Allen was allowed to sit in on Sheridan's interviews with other witnesses, there is no factual support for Crowley's allegation of bad faith.

We conclude that the superior court did not err in rejecting Crowley's claim that Allen was present when Sheridan conducted his interviews of co-workers.

In addition to her argument that Allen's presence in the interviewing room constituted an objective breach of the implied covenant, Crowley raises before us four objective breach arguments that were not raised below.[30] These claims are waived. Though Crowley is pro se, "a *pro se* litigant who fails to raise an issue below should not be able to raise the issue on appeal absent plain error."[31]

**25.** See *Pitka v. Interior Reg'l Hous. Auth.*, 54 P.3d 785, 789 (Alaska 2002).

**26.** *Smith v. Anchorage Sch. Dist.*, 240 P.3d 834, 844 (Alaska 2010) (quoting *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 761 (Alaska 2008)) (internal quotation marks omitted).

**27.** *Id.*

**28.** See *Charles v. Interior Reg'l Hous. Auth.*, 55 P.3d 57, 63 (Alaska 2002).

**29.** *Cf. Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997) (affirming superior court's grant of summary judgment to employer where employer terminated at-will employee whose contract expressly provided for termination without cause).

**30.** She claims that Allen treated her in a manner that a reasonable person would consider unfair, that Sheridan denied her progressive discipline in violation of her contract, and that Allen's unit "did not make monthly contact standards." Crowley also claims disparate treatment, arguing that she was treated differently from a co-worker of equal status who was "impaired from performing to agency standards."

**31.** *Thoeni v. Consumer Elec. Servs.*, 151 P.3d 1249, 1257 (Alaska 2007) (citation omitted). We will consider arguments not raised in the trial

## V. CONCLUSION

Because the superior court did not abuse its discretion in finding that Crowley proved neither a subjective nor an objective breach of the covenant of good faith and fair dealing, we AFFIRM the superior court's Rule 41(b) dismissal of Crowley's claims.

court if the issue is "(1) not dependent on any new or controverted facts; (2) closely related to the appellant's trial court arguments; and (3) could have been gleaned from the pleadings."

*Id.* (quoting *McConnell v. State, Dep't of Health & Soc. Servs., Div. of Med. Assistance*, 991 P.2d 178, 183 (Alaska 1999)). Crowley's other objective breach claims do not meet this standard.