NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| RICHARD L. NEVITT, | ) |
| | ) Supreme Court No. S-17970 |
| Appellant, | ) |
| | ) Superior Court No. 3PA-20-01455 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| MEADOW LAKES COMMUNITY | ) AND JUDGMENT* |
| COUNCIL INC., | ) |
| | ) No. 1884 – March 23, 2022 |
| Appellee. | ) |
| | ) |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Kari Kristiansen, Judge.

Appearances: Richard L. Nevitt, pro se, Wasilla, Appellant. Notice of nonparticipation filed by Tara Logsdon, Matanuska Law LLC, Palmer, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, Borghesan, and Henderson, Justices.

## I.     INTRODUCTION

A community council held its monthly meeting by videoconference because of the COVID-19 pandemic. A community member sued, alleging that the council had not provided adequate notice of the meeting and that meeting by videoconference was not authorized by the council's bylaws. The superior court ordered the member to file

---

\*     Entered under Alaska Appellate Rule 214.

an amended complaint clarifying the basis of his claims and the relief he sought. The court then determined that his new complaint, too, failed to adequately explain his claims and that it failed to comply with the court's previous order. The court therefore dismissed the case and awarded attorney's fees to the council as the prevailing party.

The member filed a motion for reconsideration, which the superior court interpreted as arguing, in part, that there was judicial bias requiring the judge's recusal. The judge declined to recuse herself. The member then filed a motion explicitly calling for the judge's recusal; the judge again declined to recuse herself, and a reviewing judge affirmed her decision.

The member appeals. We conclude that it was error to dismiss his complaint. We therefore reverse the superior court's dismissal order and vacate the attorney's fees award. However, seeing no judicial bias or appearance of bias, we affirm the denial of the motion for recusal.

## II.  FACTS AND PROCEEDINGS

### A.  The Council's April 8, 2020 Meeting By Videoconference

The Meadow Lakes Community Council is a nonprofit organization in Wasilla that advocates for the interests of area residents.[1] It holds its regular meetings on the second Wednesday of every month. At its April 2020 meeting, scheduled for April 8, the Council had planned to take nominations from community members for officer elections scheduled for May. Candidates nominated in this way were to be added to an already existing list of candidates. Richard Nevitt, a member of the community, characterized this April meeting as "one of the single most important meetings of the year."

---

[1]     *History of Meadow Lakes Community Council*, MEADOW LAKES CMTY COUNCIL, www.mlccak.org/about.html (last visited February 18, 2022).

Shortly before the meeting, however, Governor Mike Dunleavy issued an emergency order limiting in-person gatherings because of the COVID-19 pandemic. According to Nevitt's complaint, this emergency order meant that "it was reasonable for the general public to assume WITHOUT other publicized information" that the April 8 meeting would be cancelled. Instead, Nevitt contends, the Council sent a message to its email subscribers on April 2 explaining that the April 8 meeting would, in Nevitt's words, be a "[t]est" meeting solely for the purpose of "figuring out and learning from practice all the ins and out[s] of how to do" a meeting in "an electronic/teleconference/virtual/remote" format. According to Nevitt, the Council nonetheless took official action at the April 8 meeting and called for officer nominations, though none were offered.

## B.    Filing And Withdrawal Of Nevitt's Initial Complaint

On April 13 Nevitt filed a complaint against the Council asking the superior court to void all the actions taken at the April 8 meeting. He alleged that the Council had violated its own bylaws — requiring seven days' notice of a scheduled meeting — because the April 2 email was sent just six days before the meeting. He alleged that the Council unlawfully conducted official business, including calling for officer nominations, after saying in its email that the meeting would be a "test." He also alleged that the Council had failed to update its bylaws to provide for electronic meetings, that it should have allowed for teleconferencing in addition to the videoconference platform Zoom, and that it violated Alaska law by failing to take votes by roll call.

On April 23, however, Nevitt submitted a notice that he was withdrawing his complaint by stipulation, as the parties had "reached resolution acceptable to both."

## C.    Reopening The Case And Subsequent Motions

The Council held a second videoconferenced meeting on April 28. Its initial meeting announcement did not invite participation by telephone, but it did later

make that option available. At the April 28 meeting the Council did not take additional officer nominations or hold elections. But Nevitt contends that the meeting was still unlawful because the Council had not yet amended its bylaws to provide for virtual meetings and it failed to record votes by roll call.

In early May Nevitt moved to reopen his superior court case. He filed an amended complaint alleging an "established pattern . . . of bad faith attitude" on the Council's part. He elaborated on his prior concerns and added that the Council had not provided adequate notice of the April 28 meeting. A week later he moved for leave to file supplemental pleadings with additional allegations.

The court granted Nevitt's motion to reopen the case but ordered him to file a second amended complaint rather than simply supplementing his first. In late June Nevitt filed a second amended complaint in which he "re-allege[d] and incorporate[d] all previous pleadings."

The Council moved for an order requiring Nevitt to amend his pleadings to comply with Alaska Civil Rule 15(e).[2] The Council asserted that it could not "answer the multiple complaints and pleadings that . . . Nevitt has filed as they are inconsistent, contradictory, and unclear as to what [he] is seeking," and it asked that Nevitt be required to "retype a complaint that is complete in and of itself."[3]

---

[2] Rule 15(e) requires: "Unless otherwise permitted by the court, every pleading to which an amendment is permitted . . . must be retyped or reprinted and filed so that it will be complete in itself, including the exhibits, without reference to the superseded pleading." Additionally, "[a]ll amended pleadings shall contain copies of all exhibits referred to in such amended pleadings."

[3] In the meantime, on July 8, the Council held officer elections by roll call vote. It contended in the superior court that in holding this election it redid all the actions taken at the challenged April 8 meeting.

On August 10 the superior court ordered Nevitt to comply with Rule 15(e) by filing a new complaint that did not "reference or rely on any other pleading filed in this case." The order further instructed Nevitt that his complaint should "specify the allegations [he] has against [the Council] and what relief he is requesting" and that if he "quotes from a document, he must attach that document to the 'Second Amended Complaint' as an exhibit." Nevitt filed a second version of his second amended complaint the same day, presumably before receiving the court's order, then filed a third version labeled "Court Ordered – Corrected: Second Amended Complaint" on August 14.

### D. The August 14 Second Amended Complaint

Nevitt's August 14 complaint makes a number of discernible claims: (1) the Council violated its bylaws by holding its April 8 meeting virtually and making official decisions at that meeting; (2) the Council did not provide adequate notice of the April 8 meeting under its bylaws and Alaska law; (3) other virtual meetings held between April and June also violated the Council's bylaws; (4) the Council's president made false statements about Nevitt's lawsuit at the July 8 meeting; (5) these statements violated the president's fiduciary duties to the Council; (6) the Council discriminated against some members by not providing the option to participate by telephone; and (7) at its virtual meetings the Council failed to take votes by roll call as required under Alaska law. Nevitt's requested relief included: (1) a court order declaring the Council's officer elections null and void; (2) a court order voiding any votes from the virtual meetings in April and June; (3) a court order requiring the Council to amend its bylaws to ensure telephonic participation options are available for meetings; (4) a court order requiring that Council meetings use roll call voting so members know how others have voted; and (5) damages.

### E.    Dismissal

The Council moved to dismiss Nevitt's complaint with prejudice. It argued that "Nevitt's repeated refusal to comply with [Civil Rule 15(e)] prevents [the Council] from being able to Answer in this case and means that . . . Nevitt's complaint fails to state a claim upon which relief can be granted." The superior court granted the motion in a terse form order submitted by the Council and awarded attorney's fees to the Council as the prevailing party.

### F.    Allegations Of Judicial Bias

Nevitt filed a motion for reconsideration. He argued that the court had not adequately explained its decision to dismiss the case and noted that the Council had in fact responded to some of his allegations, undercutting its argument that his complaint was too confusing to answer. He suggested that the court's abbreviated order might appear to the public as "possibly of disrespectful intention," and "based on the tone of the dismissal the court can be reasonably seen, it would SEEM to be biased."

The court denied reconsideration. Interpreting Nevitt's motion as also including a request for recusal, the court denied that request as well, explaining that "the fact that . . . Nevitt did not receive as long of an explanation from the Court as he would have liked fails to demonstrate the Court has feelings toward . . . Nevitt which affected its ability to decide this case fairly or impartially." The court also observed that its reasons for granting dismissal were explained by its incorporation of the Council's arguments.[4]

Nevitt then filed an "objection to apparent judicial spin," claiming he had not accused the court of bias or asked for the judge's recusal but that the court's belief

---

[4]    The court also referred the implicit recusal motion for review by another judicial officer, who affirmed the court's decision.

he had done so now showed its bias. The judge again declined to recuse herself. She conceded that it was "possible [she] interpreted [Nevitt's] *Motion to Reconsider* in a manner inconsistent with his intentions," but Nevitt had still "failed to present a reasonable basis upon which to question the Court's impartiality."

Nevitt appealed. The Council did not participate in the appeal.

## III.   STANDARD OF REVIEW

Alaska Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of a complaint for "failure of the plaintiff . . . to comply with [the Alaska Rules of Civil Procedure] or any order of court." A dismissal with prejudice under Rule 41(b) is reviewed for abuse of discretion.[5]

"We review a superior court's dismissal of a complaint for failure to state a claim under Alaska Civil Rule 12(b)(6) de novo."[6] "A judge's decision that [the judge] is actually capable of conducting a fair trial is reviewed for abuse of discretion. The separate question whether a judge's participation in a case would lead reasonable people to question [the judge's] ability to be fair is a question of law reviewed de novo."[7]

## IV.   DISCUSSION

### A.   It Was Error To Dismiss Nevitt's Complaint.

In dismissing Nevitt's complaint with prejudice, the superior court signed the Council's proposed order and adopted by reference the Council's arguments in its motion to dismiss. The order is entitled "Order Granting Motion to Dismiss for Failure to Comply with Prior Court Order and Civil Rule 15(e)." The title thus suggests that the

---

[5]     *Crowley v. State, Dep't of Health & Soc. Servs.*, 253 P.3d 1226, 1229 (Alaska 2011).

[6]     *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012).

[7]     *Heber v. Heber*, 330 P.3d 926, 934 (Alaska 2014) (footnote omitted).

court dismissed the case under Civil Rule 41(b), which allows a defendant to "move for dismissal of an action or of any claim against the defendant" because of the plaintiff's failure "to comply with [the rules of civil procedure] or any order of court." We assume that the superior court intended to adopt those portions of the Council's arguments that are relevant to a Rule 41 analysis based on Nevitt's failure to comply with the pleading requirements of Rule 15(e), as he was instructed to do by the court's August 10 order. The Council's motion to dismiss did not specifically cite Rule 41.

The parties also appear to have viewed the Council's motion as one brought under Alaska Civil Rule 12(b)(6); the Council cited that rule in its motion and asked the court to dismiss the case because "Nevitt's repeated refusal to comply with . . . Rule 15(e) . . . prevents [the Council] from being able to Answer in this case and means that . . . Nevitt's complaint fails to state a claim upon which relief can be granted."[8] Nevitt cites Rule 12(b)(6) in his brief on appeal but not Rule 41. Given the leniency we accord unrepresented litigants,[9] we analyze the dismissal of Nevitt's complaint in light of both Rule 41 and Rule 12(b)(6).[10]

---

[8] Civil Rule 12(b)(6) authorizes the dismissal of a complaint for, among other reasons, the "failure to state a claim upon which relief can be granted."

[9] *See Larson*, 284 P.3d at 8 ("The pleadings of pro se litigants are 'held to less stringent standards than those of lawyers . . . .' " (quoting *Capolicchio v. Levy*, 194 P.3d 373, 378 (Alaska 2008))).

[10] The Council made several other arguments in its motion to dismiss and its reply to Nevitt's opposition: that Nevitt did not plead fraud with particularity, that age discrimination was not an actionable claim, and that there was no showing of an actual controversy that would justify declaratory relief. We assume from the title of the court's order that it did not rely on these arguments as grounds for dismissal.

## 1. It was an abuse of discretion to dismiss the complaint under Rule 41(b).

The superior court's August 10 order required Nevitt to "complete a 'Second Amended Complaint' that does not reference or rely on any other pleading filed in this case." A replacement complaint had to "specify the allegations . . . Nevitt has against [the Council] and what relief he is requesting." The court ordered that if Nevitt "quote[d] from a document, he must attach that document to the 'Second Amended Complaint' as an exhibit." The second amended complaint that Nevitt filed that day was not substantially different from the complaint the court was faulting, but the one he filed four days later — identified as his "Court Ordered — Corrected" complaint — appears to us to be substantially compliant.

Rule 15(e) requires that "every pleading to which an amendment is permitted . . . must be retyped or reprinted and filed so that it will be complete in itself, including the exhibits, without reference to the superseded pleading." Nevitt's August 14 complaint did not reference or rely on any of his earlier pleadings. It made detailed allegations and specified the relief sought. Where it referenced other documents, the references were clear. Nevitt did not attach any documents as exhibits, but neither did he quote extensively from other documents.

We review a Rule 41(b) dismissal — based on the plaintiff's failure "to comply with [the rules of civil procedure] or any order of court" — for abuse of discretion.[11] Nevitt's status as a self-represented litigant required the court to overlook minor procedural lapses if it was clear what he was attempting to accomplish, or to

---

[11] *Crowley v. State, Dep't of Health & Soc. Servs.*, 253 P.3d 1226, 1229 (Alaska 2011).

advise him on the correct procedural course.[12] We conclude that Nevitt's refiled complaint in response to the court's order was adequate. It was therefore an abuse of discretion to dismiss the case pursuant to Rule 41(b) for a failure to comply with the civil rules or the court's earlier order.

### 2. It was error to dismiss the complaint under Rule 12(b)(6).

We next consider whether dismissal was appropriate under Rule 12(b)(6). Rule 12(b)(6) motions to dismiss are "viewed with disfavor,"[13] and we review such dismissals de novo.[14] "The complaint must be liberally construed and we treat all factual allegations as true."[15] To survive dismissal, "the complaint need only allege a set of facts 'consistent with and appropriate to some enforceable cause of action.' "[16] "Thus, '[a] complaint should not be dismissed for failure to state a claim *unless it appears beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "[17]

---

[12] *See Kaiser v. Sakata*, 40 P.3d 800, 803 (Alaska 2002) (noting that courts relax some procedural requirements in cases involving pro se litigants). It is the trial court's responsibility to " 'inform a pro se litigant of the proper procedure for the action he or she is obviously attempting to accomplish,' and inform pro se litigants of specific defects in their pleadings." *Id.* (quoting *Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987)). It appears to us that Nevitt attempted to comply with the superior court's order requiring him to file a clearer complaint.

[13] *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000).

[14] *Id.*

[15] *Larson v. State, Dep't of Corr.*, 284 P.3d 1, 6 (Alaska 2012).

[16] *Odom v. Fairbanks Mem'l Hosp.*, 999 P.2d 123, 128 (Alaska 2000) (quoting *Linck v. Barokas & Martin*, 667 P.2d 171, 173 (Alaska 1983)).

[17] *Guerrero*, 6 P.3d at 254 (emphasis in original) (quoting *Martin v. Mears*,
(continued...)

The Council argued that Nevitt's "repeated refusal to comply with . . . Rule 15(e) . . . prevent[ed] [the Council] from being able to Answer in this case and means that . . . Nevitt's complaint fails to state a claim upon which relief can be granted." The Council contended that the complaint made "broad, conclusory statements . . . based on . . . unattached emails, but does not assert any facts that would support [Nevitt's] assertions," and it argued that it could not answer such conclusory statements without seeing the referenced documents. According to the Council, "Nevitt was explicitly told how to comply with Rule 15(e) and . . . ignored the Court's order."

We do not find Nevitt's allegations to be so conclusory as to fail the Rule 12(b)(6) standard. It is not inconceivable that he could introduce evidence justifying some form of relief on his claims that the Council acted outside the authority of its bylaws, that certain actions taken at past meetings should therefore be declared void, and that certain challenged practices had to be changed going forward in order to comply with the bylaws and Alaska law.[18] The Council cited to *Ashcroft v. Iqbal*, in which the U.S. Supreme Court held that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "[19] But Nevitt's complaint clears this bar. Because it is not so conclusory

___

[17]     (...continued) 602 P.2d 421, 429 (Alaska 1979)).

[18]     *See, e.g.*, *Herning v. Eason*, 739 P.2d 167, 168 (Alaska 1987) (reviewing declaratory judgment affirming church's rejection of proxy voting in church business meetings and concluding that Alaska law applied to the church "and authorizes proxy voting absent a contrary provision in the corporate articles or bylaws").

[19]     556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

as to fail to state a claim upon which relief could be granted, we reverse the dismissal under Rule 12(b)(6).[20]

## B. The Superior Court Judge Did Not Abuse Her Discretion By Declining To Recuse Herself.

Nevitt approaches the issue of recusal somewhat obliquely, asking whether the "misbehavior" of a superior court judge should "result in at minimum some sort of responsive admonishment" or "cause an instant remand to rehear the case."[21] He argues that the judge "intentionally" and "dishonestly quoted [him] way out of context" in her initial refusal to recuse herself and portrayed him "as a contentious pro-se when his pleading record shows the exact opposite." We view the record differently. Although the superior court may have misunderstood Nevitt's subjective intentions, the court was correct to take seriously the suggestion of judicial bias. We affirm the superior court's finding that there was neither bias nor the appearance of bias.

A suggestion of judicial bias implicates two standards of review. First, "[a] judge must recuse himself or herself if there is bias"; we review this decision for abuse of discretion.[22] Second, under the Alaska Code of Judicial Conduct Canon 3(E)(1), "a judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned"; this decision is a question of law we review de novo.[23]

---

[20] Nothing we say in this memorandum opinion should be read as a comment on the merits of any of Nevitt's claims. We consider only whether his allegations, if true, could conceivably entitle him to some form of relief.

[21] Nevitt states that this argument is "more intended really as a question that is unrelated to the merits of this case."

[22] *Greenway v. Heathcott*, 294 P.3d 1056, 1062-63 (Alaska 2013).

[23] *Heber v. Heber*, 330 P.3d 926, 934 (Alaska 2014).

In Nevitt's motion for reconsideration he asserted that the court's dismissal order gave "an insufficient explanation," which could "SEEM to appear to much of the public to be possibly of disrespectful intention." He also wrote that "the tone of the dismissal" could lead people to believe that the court was biased. The court treated these concerns as a motion to disqualify for cause but determined that neither the order's tone nor its brevity showed bias or raised the appearance of bias.

Nevitt objected, arguing that the superior court had taken his language out of context, which he argued was itself evidence of bias. The superior court acknowledged the possibility that it had misinterpreted Nevitt's intentions but again found there was no reasonable basis on which to question its impartiality.

A party may move to recuse a judge based on a mere appearance of bias.[24] Nevitt's initial concerns seemed focused on just such an appearance, and the court's by-the-book response was appropriate. We do not interpret the court's reaction to Nevitt's implication of bias as "attempt[ing] to spin [Nevitt] as a contentious pro-se litigant," as he alleges,[25] but rather as an attempt to assure him that the court took any such concerns seriously.

The reviewing judge wrote that "Nevitt has failed to present any evidence indicating that [the judge] is biased against him, none is apparent, and no reasonable person would question [her] impartiality." Our review of the record causes us to agree. We therefore affirm the judge's refusal to recuse herself.

---

[24]    *See id*.

[25]    And neither do we interpret Nevitt's actions as that of a contentious litigant.

## V.    CONCLUSION

We REVERSE the dismissal order, VACATE the attorney's fees award, and REMAND the case for further proceedings consistent with this opinion.  The denial of the recusal motion is AFFIRMED.